UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE,<br><br>       Plaintiff,<br><br>v.<br><br>MARTHA P. EHLENBACH, et al.,<br><br>       Defendants. | Case No.: 1:18-cv-0247 - DAD - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff contends the defendants, which include two state attorneys and two judicial officers with the Kern County Superior Court, have violated several provisions of federal law and engaged in "a governmental statewide conspiracy against the Plaintiff." (Doc. 1 at 3) For the following reasons, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without leave to amend.

I.    **Background**

Plaintiff is a former prisoner, and reports that while in custody, some of his "personal property that was negligently destroyed by a California Department of Corrections and Rehabilitation Prison Official." (Doc. 1 at 4) Plaintiff asserts that he "applied for relief with the California Victims Compensation and Government Claims Board who then instructed the plaintiff to pay filing fees of $25.00 before action could be taken … [and] the plaintiff paid them." (*Id.*) However, Plaintiff asserts the Board then notified him that "does not act on claims under $100.00." (*Id.*)

1

In February 2015, while Plaintiff remained in state custody, he "filed a claim [i]n the Kern County Superior Court for the State of California for reimburstment (sic) of his personal property," thereby initiating Case No. S1500CL290301, which was assigned to Commissioner Linda Etienne.[1] Plaintiff identified North Kern State Prison, Correctional Officer Borquez, California Victims Compensation Claims Board, and the State of California as defendants in his complaint. Marta Ehlenbach represented the prison and Officer Borquez in the action, and Elizabeth O'Donnell represented the State of California.

On May 4, 2015, defendants Borquez and North Kern State Prison filed a motion to declare Plaintiff a vexatious litigant, which was supported by a declaration from Ms. Ehlenbach. Commissioner Etienne granted the motion on June 3, 2015, and Plaintiff was "declared a vexatious litigant within the meaning of CCP 391.1." Pursuant to the terms of the order, Plaintiff was ordered to post "a security bond in the amount of $12,750.00" within thirty days.

Plaintiff filed a Notice of Appeal on July 23, 2015. However, the court's docket indicates that Plaintiff defaulted on the appeal. Because Plaintiff failed to comply with the order requiring him to post a security bond, the case was dismissed in its entirety on August 26, 2015.

In January 2016, Plaintiff filed a petition for writ with Kern County Superior Court, thereby initiating an appeal in Case No. AP-16-00001, which was assigned to Judge Stephen Schuett. On January 5, 2016, Judge Schuett denied the petition for writ.

On May 16, 2016, Plaintiff filed a petition for writ of mandamus/prohibition in the Fifth District Court of Appeal, thereby initiating Case No. F073728. On March 19, 2016, the court issued an order informing Plaintiff:

> You are a vexatious litigant subject to a prefiling order as set forth in Code of Civil Procedure section 391.7. Your petition for writ of mandate was mistakenly filed by the clerk of this court without the requisite order. The clerk is directed to file and serve this

---

[1] Plaintiff reports he initiated the state court action, Case No. S1500CL290301, on February 17, 2014. (Doc. 1 at 4) However, the Court takes judicial notice of the Kern County Superior Court docket in Case No. S1500CL290301—including the filing dates and documents publicly available—which indicates the complaint was filed on February 17, 2015. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (judicial notice may be taken of "undisputed matters of public record, including documents on file in federal or state courts"). This docket is available at http://www.kern.courts.ca/gov.
Likewise, judicial notice is taken of the docket of the Fifth District Court of Appeal in Case No. F073728, available at http://www.courts.ca.gov/5dca.htm (last visited April 26, 2018) and the California Supreme Court minutes from September 14, 2016, available at http://www.courts.ca.gov/documents/minutes/SSEP1416.PDF (last visited April 26, 2018).

> notice on you and the other parties informing you that your action shall be automatically dismissed unless within 10 days of the date of this notice you obtain an order from the presiding justice of this court permitting the filing. Such an order will not be issued unless you demonstrate that your litigation has merit and your litigation was not filed for the purposes of harassment or delay. The filing of this notice shall automatically stay this litigation.

Plaintiff requested to proceed with his petition, and the court found Plaintiff "failed to demonstrate that his petition [had] merit." Therefore, his application for permission to proceed in the Fifth District was denied, and the case was ordered closed on July 16, 2016. Plaintiff's request for reconsideration was denied on August 11, 2016.

## II.  Proceeding *in forma pauperis*

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted. *See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the

action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

## III. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## V. Allegations

Plaintiff contends that Marta Ehlenbach, Elizabeth O'Donnell, and Commissioner Etienne "conspired to effectuate the granting of a motion to declare the plaintiff a vexatious litigant for purposes of eluding the civil justice system and eluding the due administration of law and civil procedure." (Doc. 1 at 4) In addition, Plaintiff asserts Judge Schuett "acted in furtherance of the conspiracy by having the power to prevent or aid in preventing the conspiracy and neglected, refused, and failed to do so." (*Id.*)

Plaintiff alleges the defendants were "motivated by a racial invidious discriminatory animus," because he is African American and they are "of the White race group." (Doc. 1 at 6-7) He asserts that as a result of the defendants' actions, he suffered a loss of personal property, and a violation of constitutional rights. (*See generally* Doc. 1)

## VI. Discussion and Analysis

Based upon the foregoing facts, Plaintiff seeks to bring "a federal civil rights action brought under 18 U.S.C. 242, 28 U.S.C. 2201, 42 U.S.C. 1981; 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, and the Fourteenth Amendment to the United States Constitution." (*See* Doc. 1 at 3)

### A. Judicial Immunity

As an initial matter, Plaintiff contends judicial immunity does not bar his request for injunctive and declaratory relief. (Doc. 1 at 7-8) In general, "[j]udges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v.*

*Pope*, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 692 F.2d 911, 913 (9th Cir. 1982)). Thus, the doctrine of judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (1988).

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority"). Thus, judicial immunity bars many of Plaintiff's claims.

Importantly, however, there is a "narrow exception to judicial immunity for prospective declaratory relief" sought under Section 1983. *Weldon v.* Kapetan, 2018 WL 1725606 at *4 (E.D. Cal. Apr. 9, 2018). This Court explained that "neither the doctrine of judicial immunity nor Section 1983's immunity language specifically precludes claims for prospective declaratory relief." *Id.* (citations omitted). However, declaratory relief "should not be sought to correct past wrongs..." *Id.*, quoting *Kim v. City of Belmont*, 2018 WL 500269 at *14 (N.D. Cal. Jan. 22, 2018). Thus, where a plaintiff complained of "specific judicial actions and determinations regarding the lawfulness of [a judge's actions]" in a state court case, the narrow exception to judicial immunity did not apply. *See id.*

Likewise, here, the declaratory relief is not prospective in nature, because Plaintiff seeks to challenge the actions taken by Commissioner Etienne and Judge Schuett in Kern County Superior Court. Plaintiff has not set forth any allegations demonstrating that judicial immunity should not apply here and, based upon the allegations, it is clear Commissioner Etienne and Judge Schuett are entitled to absolute immunity. Consequently, the Court recommends the claims against Commissioner Etienne and Judge Schuett be **DISMISSED**.

**B.  Claim under 18 U.S.C. § 242**

Plaintiff seeks to hold the defendants liable under 18 U.S.C. § 242 (Doc. 1 at 3), which is a criminal statute concerning the deprivation of rights under color of law. Significantly, Section 242 does not provide a private cause of action or a basis for a civil lawsuit. *See, e.g., Allen v. Gold*

*Country Casino*, 464 F.3d 1044, 1048 (9th Cir.2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (finding 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form a basis for civil suit). Accordingly, Plaintiff's claim for a violation of 18 U.S.C. § 242 fails as a matter of law, and the Court recommends it be **DISMISSED**.

### C. Claim under 42 U.S.C. § 1981

Section 1981 of the Civil Rights Act of 1866 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To establish a claim for a Section 1981 violation, "the plaintiff[] must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (citations omitted). The Ninth Circuit determined that a plaintiff may state a claim under Section 1981 where he pleads "overt acts coupled with some direct evidence that the defendants' conduct was motivated by racial animus," such as statements mentioning race or racial slurs. *Id.*, 869 F.2d at 1345.

In support of his claim of a violation under Section 1981, Plaintiff asserts only that the defendants are "of the White race group" while he is African-American. (*See* Doc. 1 at 6-7). He does not identify any evidence that the filing—and subsequent granting—of the motion for Plaintiff to be declared a vexatious litigant was motivated by his race. Indeed, Plaintiff alleges "the first time[]" he learned that Ms. Ehlenbach and Ms. O'Donnell represented the defendants in his state court case was when he "received a copy of an order dismissing Plaintiff's action in case number S1500CL290301." (*See* Doc. 1 at 5) Further, Plaintiff does not identify any statements made by the defendants or any conduct that would give rise to an indication that race was a motivating factor.

Because the facts alleged do not support a conclusion that the defendants intentionally discriminated against Plaintiff on the basis of race, the Court recommends the claim be **DISMISSED**.

### D. Claim under 42 U.S.C. § 1985

Plaintiff contends Defendants engaged in a conspiracy in violation of Sections 1985 and 1986.

7

A claim of conspiracy requires a plaintiff to "demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations omitted). In addition, a plaintiff must show an "actual deprivation of constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), quoting *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-42 (9th Cir. 1989).

Plaintiff has not alleged facts demonstrating a meeting of minds among Defendants. Plaintiff fails to meet his burden to identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997). Significantly, there are no facts alleged that communications occurred between Ms. Ehlenbach and Ms. O'Donnell regarding the motion to declare Plaintiff a vexatious litigant and require a security, which was filed by Ms. Ehlenbach and supported by her declaration. There is no indication on the docket of the Kern County Superior Court that the defendants represented by Ms. O'Donnell joined in the motion. Likewise, there are no factual allegations that Commissioner Etienne and Judge Schuett discussed Plaintiff's case or communicated with the defendants' counsel.[2] Consequently, the factual allegations fail to support a claim for a conspiracy under Section 1985, and the Court recommends this claim be **DISMISSED**.

E. **Claim under 42 U.S.C. § 1986**

Plaintiff contends the defendants are liable under Section 1986, which proscribes a failure to prevent a conspiracy. As the Ninth Circuit explained, "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *See Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Because Plaintiff failed to allege facts sufficient to support the existence of a conspiracy, his claim for a violation of Section 1986 also fails. Accordingly, the Court recommends this claim be **DISMISSED**.

---

[2] Even if they had, absolute judicial immunity would preclude liability as to both judicial officers.

8

**F. Claim under 42 U.S.C. § 1983 and the Fourteenth Amendment**

Plaintiff contends the defendants are liable for violations of his rights to due process and equal protection under the Fourteenth Amendment. (Doc. 1 at 3, 7) Such claims may be brought pursuant to 42 U.S.C. § 1983, which is "a method for vindicating federal rights elsewhere conferred" and does not provide substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In relevant part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### 1. Whether the defendants are state actors

"Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity," and, as a result, the Court must examine whether Plaintiff has sufficiently plead facts to support the allegation that the defendants were state actors. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted). In general, private parties are not state actors. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes"). Consequently, the Ninth Circuit explained, "When addressing whether a private party acted under color of law, [the court] . . . start[s] with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

The key question in determining whether a person has acted under color of state law is whether that person's actions are "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982), quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court of the

United States indicated that "state employment is generally sufficient to render the defendant a state actor." *Lugar*, 457 U.S. at 936 n. 18. Accordingly, for purposes of this screening only, the Court will assume the attorney defendants are state actors.

### 2. Due process under the Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

A Section 1983 claim for a violation of procedural due process has three elements: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. Plaintiff alleges that he suffered a violation of his procedural due process rights through the filing and granting of the motion to declare him a vexatious litigant, which limited his access to the courts.

The Ninth Circuit determined California's vexatious litigant statute—which was applied against Plaintiff in the state action—does not violate an individual's right to due process, even when a security bond is required. *See Wolfe v. George*, 486 F.3d 1120, 1125-26 (9th Cir. 2007). The Court explained, "Before the court can require security, it must determine in an individualized hearing that 'the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation.'" *Id.*, 486 F.3d at 1226. Because "there is no constitutional right to file frivolous litigation," status as a vexatious litigant "does not deprive [a plaintiff] of the opportunity to vindicate a fundamental right in court." *Id.* at 1225. Furthermore, the Court found the state had a legitimate purpose in identifying vexatious litigants, who "tie up a great deal of a court's time, denying that time to litigants with substantial cases." *Id.* at 1226.

Because Plaintiff did not have a constitutionally protected interest in proceeding with the state court action, his claim for a violation of due process necessarily fails. Accordingly, the Court

recommends the complaint, on these grounds, be **DISMISSED**.

3. Equal protection under the Fourteenth Amendment

The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, amend.* XIV §1. In essence, this commands that all persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can state a cognizable equal protection claim by alleging "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). In the alternative, where the acts in question do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Even when viewed liberally, Plaintiff's factual allegations fail to state an equal protection violation. Plaintiff summarily states in the complaint that he was "denied equal protection and equality of all laws." (Doc. 1 at 3) However, this conclusion is not sufficient to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *see also Papasan v. Allain*, 478 U.S. 265, 286 (the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). As discussed above, Plaintiff fails to identify facts supporting the conclusion the defendants discriminated against Plaintiff on the basis of his race. Also, Plaintiff does not allege that he was treated differently from other similarly situated individuals. Therefore, Plaintiff failed to state a cognizable claim for an equal protection violation, and the Court recommends his claim for a violation of the Fourteenth Amendment, on these grounds, be **DISMISSED**.

**G. Claim under 28 U.S.C. § 2201**

Plaintiff asserts he is seeking to state a claim under 28 U.S.C. § 2201. (Doc. 1 at 3) He seeks declaratory relief in the form of the Court ordering the state judicial officers to vacate the judgment entered in the state court and to perform "the appellate duties as required under governing Constitutional Law." (Doc. 1 at 8)

Section 2201 allows a district court to declare the rights of the party seeking declaratory relief,

with such declaration having the force and effect of a final judgment or decree. 28 U.S.C. § 2201(a). In order for a court to have this power, however, the party seeking declaratory relief must present at least one otherwise independent federal claim. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). As the Supreme Court explained, a Section 2201 claim cannot stand on its own, and other claim conferring federal jurisdiction must accompany it. *Id.* Because the Court recommends dismissal of the substantive claims, there is no ground on which a Section 2201 claim can stand. Therefore, the Court also recommends this claim be **DISMISSED**.

### H. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

Significantly, the Ninth Circuit has determined that the *Rooker-Feldman* doctrine precludes a plaintiff from "challenging a state court decision declaring him a vexatious litigant." *Bashkin v. Hickman*, 411 Fed. App'x 998, 999 (9th Cir. 2011). In *Bashkin*, the plaintiff sought to state a claim under 42 U.S.C. §§ 1983 and 1985, asserting the order identifying him as a vexatious litigant violated his constitutional rights. *Id.* The Ninth Circuit determined,

> The district court properly concluded that the *Rooker-Feldman* doctrine barred Bashkin's action to the extent that he challenged the vexatious litigant order and any other state court orders and judgments, because the action is a "forbidden de facto appeal" of state court judgments, and raises constitutional claims that are "inextricably intertwined" with

those prior state court judgments.

*Id.*, citing *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

District courts within the Ninth Circuit have also determined a plaintiff is unable to challenge a state court order finding the plaintiff is a vexatious litigant. *See, e.g., Hupp v. County of San Diego*, 2014 WL 2892287 at *4 (S.D. Cal. June. 25, 2014) (concluding the *Rooker-Feldman* doctrine barred request for declaratory and injunctive relief based on a vexatious litigant order); *Reiner v. Cunningham*, 2011 WL 5877552 at *2-3 (C.D. Cal. Nov.18, 2011) (finding the plaintiff's complaint was barred by the *Rooker-Feldman* doctrine where the plaintiff alleged a due process violation against Los Angeles County Superior Court and a judicial officer).

Likewise, here, Plaintiff's claims are rooted in his speculation that the attorneys and judicial officers "conspired to effectuate the granting of a motion to declare the plaintiff a vexatious litigant for purposes of eluding the civil justice system and eluding the due administration of law and civil procedure." (Doc. 1 at 4) Plaintiff asserts the state's determination that he is a vexatious litigant "was in violation of Plaintiff's procedural due process rights, including rights of access to the Courts." (*See id.* at 5) Thus, it is clear that Plaintiff's claims are "inextricably intertwined' with the state court's decision that he is a vexatious litigant, and adjudication of his claims before this Court would undercut the ruling. As a result, his claims are barred as a matter of law by the *Rooker-Feldman* doctrine. *See Bianchi*, 334 F.3d at 898; *Reiner*, 2011 WL 5877552 at *2-3.

### VII.     Findings and Recommendations

The deficiencies of Plaintiff's complaint cannot be cured by amendment, because his claims fail as a matter of law. Accordingly, the Court finds Plaintiff should not be given leave to amend. *See Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based upon the foregoing, the Court **RECOMMENDS**:

1.     Plaintiff's request to proceed *in forma pauperis* be **DENIED**;

2.     Plaintiff's Complaint be **DISMISSED** without leave to amend; and

3.     The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **April 27, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

14